### HAWKES v. WARREN et al.

.(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

QUIETING TITLE (§ 49*)—STATUTORY REMEDIES—SCOPE AND EFFECT.

Where a person has been in possession of real estate for the time prescribed in the statute, for a year or more, claiming to own the same, he may maintain an action to establish his rights as against other claimants; and not only the legal, but the equitable, title to the premises, may be adjudicated.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 98, 99; Dec. Dig. § 49.*]

Appeal from Judgment on Report of Referee.

Action by Mary G. Hawkes against Charles F. Warren and others. From a judgment for certain defendants, both parties appeal. Reversed and remanded.

See, also, 138 App. Div. 914, 123 N. Y. Supp. 1119.

Plaintiff appeals from a judgment dismissing the complaint on the merits as to the answering defendants, with $304.37 costs, entered upon the report of a referee duly appointed to hear and determine the issues. The plaintiff also appeals from the judgment for the reason that, as .she insists, not only should her complaint not have been dismissed, but that under the findings of the referee she should have been awarded judgment as prayed for in her complaint, to wit, that the defendants and every person claiming under them or any of them should be forever barred from all claims to the premises in question, and that it should have been decreed that the plaintiff is the owner of such premises. The answering defendants appeal from the judgment and insist that, in addition to dismissing the plaintiff's complaint, the judgment should have awarded to them the possession of the premises described in the complaint and damages against the plaintiff for withholding the same.

Argued before McLENNAN,' P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

E. C. Crowley, for plaintiff.
A. A. Bradley, for answering defendants.

McLENNAN, P. J. So far as appears by the record in this case, the material facts are hardly in controversy. The plaintiff, who was an orphan, at the age of seven years was an inmate of a charitable institution in the city of Buffalo. At that time she was known by the name of Grace McEwen. When of that age, Asa Warren and his wife went to such institution and procured from it its consent that they might take the little girl to their home and adopt her as their own

daughter. Asa Warren and his wife at the time agreed that if the little girl was given to them they would treat her in all respects as a daughter, and, they not having any children, she would·be made their sole heir at law. Under those conditions and that arrangement the plaintiff was taken by Asa Warren and his wife to their farm situate in the towns of Cambria and Wilson, Niagara county, and ever after was considered by them as their daughter. She was given the name of Mary Warren. She was taught to regard Asa Warren and his wife as father and mother, and they in turn at all times spoke of her and· regarded her as their daughter. She was married after she became 21 years of age, apparently with the consent and approval of her foster · father and mother, because they issued invitations to her friends and the friends of the family to attend at their house the wedding of their daughter, Mary Warren, this plaintiff. After such marriage, the plaintiff with her husband removed from the home of her foster father and mother and set up housekeeping for themselves. Children were born to them, and, as appears by the evidence, the most cordial relations existed between Asa Warren and his wife and the plaintiff, her husband, and family. Thereafter the wife of Asa Warren died when he was upwards of 80 years of age. He had no children. He was practically left alone on the farm where he had lived with his wife for more than half a century. He then wrote to or communicated with the plaintiff to the effect that he wanted her to return to the old · home to take care of him during the remainder of his life, and he reiterated, in substance, what he had stated to those in charge of the charitable institution from which he had taken the plaintiff, that if she would do so he would give to her all of his property, both real and personal. In consideration of the promise thus made, which was accepted by the plaintiff, she and her husband broke up housekeeping and returned to the farm where Asa Warren resided; the husband taking charge of the management and operation of the farm, and the plaintiff giving her time and attention to the caring for and nursing of Asa Warren. At the time the arrangement was made, Asa Warren,. although an old man, was in comparatively good health; but as a matter of fact he only lived for two or three months after the arrangement was made and after the plaintiff went to live with him and entered upon the performance of her part of the agreement, to which attention has been called.

After the death of Asa Warren· on November 10, 1903, the plaintiff entered into the exclusive possession of the home where she lived, the premises described in the complaint, claiming to be the owner thereof, because, as she claimed, she had been adopted by Asa Warren and was his daughter, and, therefore, his only heir at law, and also because of the agreement entered into between her and him, by which he· promised that if she would come and live with him and care for him after the death of his wife and until his death she would have all of his property, both real and personal, which included the premises in question. The plaintiff continued to be in possession of such premises until the commencement of this action in December, 1904, being a year and one month from the death of Asa Warren, and is still in posses

sion of the same; and notwithstanding the facts and circumstances, and notwithstanding her possession for more than a year, it was claimed by the answering defendants that they were entitled as owners to the premises in question, and the plaintiff brought this action to determine the conflicting claims to such ownership and, really, the important question presented by this appeal is: Can such ownership be settled and determined in this action?

We fully concur with the finding of fact of the learned referee that the plaintiff was not in any legal sense adopted by Asa Warren. We also concur in the conclusion that she did not become the heir at law of said Asa Warren.

The learned referee, however, also finds as matter of fact that an agreement was made between Asa Warren, deceased, and the plaintiff, to the effect that if she and her family would come to live with him on the farm in question he would give to her his property, both real and personal, and that she, the plaintiff, performed all of the conditions to be kept and performed by her by virtue of such agreement. This finding we think is amply supported by the evidence, even under the rigid rule established in Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118, and other cases where the proposition here involved is discussed.

In the case at bar the alleged agreement is only in consummation of the agreement made by the intestate at the time he took plaintiff from the charitable institution in Buffalo. He had no children. He had no one, so far as appears, who was entitled to his bounty, except this little girl whom he had taken from a charitable institution and in every sense except a legal one adopted as his own. He was without children, and he regarded the plaintiff as his daughter in the broadest sense. She was married with his knowledge and consent, and invitations were sent by himself and wife to attend the wedding of their daughter. Under such evidence and under such facts, it would seem that this case is distinguishable from the case of Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118, and others to which the attorneys for the answering defendants call attention.

We conclude that the learned referee was fully justified in finding that the plaintiff was not adopted by Asa Warren, and that, standing upon that allegation of her complaint, she was properly nonsuited; but notwithstanding the finding of the referee upon all the evidence to the effect that the contract which has been adverted to, to wit, that the plaintiff should return to the old homestead and there take care of Asa Warren during his natural life, was performed on the part of the plaintiff, which we approve, we conclude that judgment should not be awarded in her favor, decreeing that she is the owner of the premises in question, and that all the defendants should be forever barred from making any claim thereto.

We hold that a person in possession of real estate for the time specified in the statute, for a year or more, and claiming to own the same, may maintain an action to determine the rights of such person as against those claiming to own such real property in hostility to such plaintiff, and that in such action it is proper to determine not only the legal, but also the equitable, title of the plaintiff to the premises.

Under the circumstances disclosed by the record, we think it cannot be said that the issue as to the equitable ownership of the plaintiff of the premises was fairly presented or litigated on the trial, and, therefore, that a new trial should be had, with costs to plaintiff-appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to plaintiff-appellant to abide event. All concur.